1

**KILPATRICK TOWNSEND & STOCKTON LLP**
DENNIS L. WILSON (Bar. No. 155407)
CAROLINE Y. BARBEE (Bar. No. 239343)
dwilson@kilpatricktownsend.com
cbarbee@kilpatricktownsend.com
9720 Wilshire Blvd, PH Suite
Beverly Hills, CA  90212-2018
Telephone:310-248-3830
Facsimile: 310-860-0363

Attorneys for Plaintiff
ENERGIZER BRANDS, LLC.

WILLIAM H. BREWSTER (Pro Hac Vice Pending)
JENNIFER FAIRBAIRN DEAL (Pro Hac Vice Pending)
bbrewster@kilpatricktownsend.com
jdeal@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555

Of Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ENERGIZER BRANDS, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> LUMINTOP TECHNOLOGY CO., LTD., a California Corporation; SHENZHEN LEIMINGYU OPTOELECTRONICS CO., LTD., a Chinese Corporation; and HE YONGQING, <br><br> Defendants. | Case No.  2:19-cv-04360 <br><br> **COMPLAINT FOR:** <br><br> **(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);** <br> **(2) CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);** <br> **(3) FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A);** <br> **(4) CONTRIBUTORY FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A);** <br> **(5) TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C);** <br> **(6) CONTRIBUTORY TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C);** <br> **(7) STATUTORY UNFAIR** |

COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200;
**(8) CONTRIBUTORY STATUTORY UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200;
(9) STATUTORY DILUTION UNDER CAL. BUS. & PROF. CODE § 14247;
(10) CONTRIBUTORY STATUTORY DILUTION UNDER CAL. BUS. & PROF. CODE § 14247;
(11) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;
(12) CONTRIBUTORY COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff Energizer Brands, LLC ("Energizer" or "Plaintiff"), by and through its undersigned counsel of record, for its Complaint against Defendants Lumintop Technology Co., Ltd. ("Lumintop"), Shenzhen Leimingyu Optoelectronics Co., Ltd. ("SLOC"), and He Yongqing ("Yongqing") (collectively "Defendants") alleges as follows:

## NATURE OF THE CASE

1.     The Energizer Bunny is one of the most famous trademarks—and one of the most iconic brand mascots—in the United States. Brazenly, Defendants are using a bunny logo to sell directly competitive products, and to trade on the Energizer Bunny's goodwill. Defendants' egregious activity constitutes trademark infringement and dilution under federal and state law.

2.     For thirty years, Energizer[1]—a global manufacturer, marketer and distributor of household batteries, specialty batteries, and portable lights—has used an iconic design trademark consisting of a pink toy bunny banging on a drum (the

---

[1] "Energizer" refers to Plaintiff Energizer Brands, LLC and its predecessors-in-interest.

"Energizer Bunny Mark"), one form of which, depicted below, is covered by an incontestable federal trademark registration:



3.      The Energizer Bunny Mark consistently has been a central figure in Energizer's advertising and promotional efforts, and a critical, tangible element of the ENERGIZER brand. Energizer has widely used the Energizer Bunny Mark in connection with batteries, as well as chargers, flashlights, and other related products, examples of which appear below:



COMPLAINT                                                                                                          - 3 -

1
2
3
4
5
6
7
8
9





10
11    4.    On information and belief, Defendants are manufacturing and selling
12    batteries, battery chargers, and lighting products, such as flashlights and headlights,
13    in the United States, using a confusingly similar variation of the Energizer Bunny
14    Mark as depicted below:

15
16
17
18
19
20
21
22
23
24
25
26



27
28

1
2
3
4
5
6
7
8
9
10



11    5.    Defendants have both actual and constructive knowledge of Energizer's
12  superior rights, and yet still persist in using a bunny design to sell the same types of
13  goods as are sold under the Energizer Bunny Mark. In 2015, on information and
14  belief, SLOC or its affiliate or predecessor-in-interest, filed a trademark application
15  in the United States Patent and Trademark Office ("USPTO") for the design
16  depicted below:



22    6.    That design, the "Lumintop Bunny," was the subject of the SLOC
23  application (U.S. App. Serial No. 86/573,770) for flashlights, lighting fixtures,
24  search lights, and other electronics.
25    7.    Energizer filed a Notice of Opposition to the Lumintop Bunny
26  application. The Trademark Trial and Appeal Board ("TTAB") entered judgment on
27  behalf of Energizer when SLOC failed to respond, and defaulted.
28    8.    In the face of that default judgment, Defendant Yongqing filed

additional applications that included the Lumintop Bunny for batteries, battery chargers, and other goods (U.S. App. Serial No. 87/639,219) and for flashlights, lighting apparatus, and other goods (U.S. App. Serial No. 87/639,246). The applied for mark is depicted below:



9.      Energizer timely opposed these SLOC applications by filing a Notice of Opposition with the TTAB on April 2, 2019.

10.     Defendants' use of the Lumintop Bunny on packaging, products, websites and other materials distributed, manufactured, advertised offered for sale, and sold in the United States is likely to cause confusion among purchasers and customers as to the source, origin or sponsorship of Defendants' products. In particular, the public is likely to mistakenly believe Defendants' products originate from or are affiliated, connected, or associated with Energizer or the Energizer Bunny Mark.

11.     Energizer brings this action at law and in equity for direct and contributory trademark infringement under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114; direct and contributory unfair competition, false representation, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); direct and contributory trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); direct and contributory unlawful, unfair and/or fraudulent ongoing business practices in violation of California Business and Professions Code § 17200; direct and contributory trademark dilution in violation of California Business and Professional Code § 14247; and direct and contributory trademark infringement and unfair competition

in violation of California common law.

12.      Energizer seeks a permanent injunction against Defendants' use of the Lumintop Bunny and any other designation confusingly similar to the Energizer Bunny Mark or likely to dilute the distinctiveness of the Energizer Bunny Mark. Energizer also seeks monetary damages resulting from Defendants' willful commercial activities, an accounting of Defendants' profits from such commercial activities, Energizer's attorneys' fees and costs, and punitive damages.

## THE PARTIES

13.      Plaintiff Energizer Brands, LLC is Delaware limited liability company with a principal place of business at 533 Maryville University Drive, St. Louis, Missouri, 63141.

14.      On information and belief, Lumintop Technology Co., Ltd. is a California corporation with its principal place of business in California, and is a subsidiary or affiliate of Defendant Shenzhen Leimingyu Optoelectronics Co., Ltd., and it distributes, sells and offers for sale the infringing products in the United States, including California.

15.      On information and belief, Defendant Shenzhen Leimingyu Optoelectronics Co., Ltd., is a Chinese corporation that manufactures and distributes the infringing goods for sale in the United States, including in California.

16.      On information and belief, Defendant Yongqing is an individual residing in China and is an officer or director of Defendant Lumintop. A copy of a California Secretary of State print-out showing Yongqing's signature as the incorporator of Lumintop is attached as **Exhibit 1**, and on information and belief, Yongqing is the founder and owner of Defendant SLOC. On information and belief, Yongqing knowingly authorized, directed, and/or substantially participated in the infringing activity described in this Complaint.

## JURISDICTION AND VENUE

17.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. §§ 1114 and 1125, as well as California statutory unfair competition and dilution law and the common law of unfair competition and trademark infringement in California. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

18.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants' tortious actions have occurred in California, where Defendant Lumintop is incorporated and where Energizer offers for sale and sells products bearing the Energizer Bunny Mark, and have caused and will continue to cause harm to Energizer in California.

19.     This Court has general jurisdiction over Lumintop because it is a California corporation.

20.     This Court has jurisdiction over SLOC because, on information and belief, SLOC authorized and directed, and continues to authorize and direct the activities of Lumintop, a California corporation that sells and offers for sale batteries and lighting products bearing the Lumintop Bunny. Moreover, on information and belief, SLOC knowingly manufactured items bearing the Lumintop Bunny for sale in the United States, including in California.

21.     This Court has jurisdiction over Yongqing because, on information and belief, Yongqing has also harmed, and will continue to harm Energizer in California as an officer or director of California corporation Lumintop, and Yongqing knowingly authorized, supervised, directed, controlled or substantially participated

in the infringing activity described in this Complaint.

22.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because, on information and belief, a substantial part of the events or omissions giving rise to Energizer's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

**A.    The Famous Energizer Bunny Trademark**

23.    Since at least as early as 1989, Energizer has continuously used, and presently uses, the Energizer Bunny Mark in interstate commerce throughout the United States in connection with the advertising, promotion, distribution, and sale of batteries. Since at least as early as 2013, Energizer has also continuously used, and presently uses the Energizer Bunny Mark in interstate commerce throughout the United States in connection with the advertising, promotion, distribution, and sale of consumer lighting products, such as flashlights and headlights.

24.    Energizer is the owner of a numerous federal trademark registrations for the Energizer Bunny Mark. Depicted below is one such federal trademark registration, Reg. No. 2028373, which issued in 1997 for "batteries":



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable and is conclusive evidence of Energizer's rights to the mark covered by the registration under Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

25.    Energizer also owns other federal trademark registrations for the Energizer Bunny Mark. For example, the mark depicted below is the subject of a

federal registration, Reg. No. 4654043, that issues in 2014 for "batteries." A copy of the Certificate of Registration for this mark is attached as **Exhibit 3.**



26.    Energizer also owns a federal registration of the mark depicted below (Reg. No. 4972279), which issued in 2013 for "flashlights." A copy of the Certificate of Registration for this mark is attached as **Exhibit 4.**



27.    Energizer also owns a myriad of other federal trademark registrations for the words ENERGIZER BUNNY and the Energizer Bunny Mark, including for batteries and battery chargers. Copies of the Certificates of Registration for the below marks are attached as **Exhibit 5**.

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| ENERGIZER BUNNY | 2677374 | January 21, 2003 | **Cl. 9** Computers programs, namely screensavers |
| ENERGIZER BUNNY | 2786582 | November 25, 2003 | **Cl. 25** Clothing, namely caps, t-shirts, jackets, sweatshirts |

| | | | |
|---|---|---|---|
| | 5282543 | September 5, 2017 | **Cl. 20** Containers of plastic for consumer product packaging and plastic boxes for dispensing confectioneries and candles |
| | 5272577 | August 22, 2017 | **Cl. 28** Toys and novelty items, namely, plastic candy dispensers designed as toys |
| | 4972266 | June 7, 2016 | **Cl. 9** Batteries and battery chargers |
| | 4972271 | June 7, 2016 | **Cl. 45** Providing information in the field of battery safety, battery recycling, emergency preparedness, and fire safety |
| | 5062532 | October 18, 2016 | **Cl. 14** Lapel pins |

| | | | |
|---|---|---|---|
| | 5053272 | October 4, 2016 | **Cl. 16** Pens; Blank journal books; magnetic clips, namely, paper clips; stickers; coloring and activity books |
| | 5062533 | October 18, 2016 | **Cl. 18** Backpacks; luggage tags; tote bags; sack packs, namely, drawstring bags used as backpacks |
| | 5062534 | October 18, 2016 | **Cl. 20** Non-metal and non-leather key chains |
| | 5062535 | October 18, 2016 | **Cl. 21** Cleaning cloth; insulated containers for beverage cans for domestic use; tumblers for use as drinking glasses |
| | 5062536 | October 18, 2016 | **Cl. 28** Golf balls |

28.     Energizer has devoted enormous resources to the marketing, advertising, and promotion of batteries sold in connection with the Energizer Bunny Mark. In the last five years alone, Energizer has spent more than $300 million promoting

Energizer products in the United States, and the vast majority of that advertising, marketing, and promotional material depicts or refers to the Energizer Bunny Mark.

29.     The Energizer Bunny Mark has been recognized as one of the top 10 brand icons of the 20th century by *Advertising Age* (March 29, 1999), and unsolicited media coverage has referred to "the highly successful Energizer Bunny commercials" (*Miami Herald*, May 10, 1993), "Energizer, famous for its unstoppable bunny" (*St. Louis Post-Dispatch*, July 14, 2007), and "[t]he iconic Energizer Bunny" (*Adweek*, October 28, 2015). The Energizer Bunny was inducted into the Madison Avenue Walk of Fame of Fame in 2017 ("Presenting the 2017 Madison Avenue Walk of Fame Winners," *Advertising Week*, September 27, 2017). The Energizer Bunny also has been featured in books such as *America's Greatest Brands: An Insight into 80 of America's Strongest Brands Volume 1* (2001), as well as *The 100 Best TV Commercials . . . and Why They Worked* (June 7, 1999), in which he earned a spot on the cover:



30.     The Energizer Bunny Mark has been at the forefront of many ENERGIZER advertisements since its original debut in 1989, having appeared in national campaigns in a variety of contexts over the years, including—as depicted below—facing the Star Wars "dark side" in 1994, voyaging into space in 2008, and introducing the world's first AA batteries made with recycled batteries in 2015:

  

31.     The Energizer Bunny Mark has played a central role in various Energizer promotions, including appearances at the Great Forest Park Balloon Race in St. Louis (as the Energizer Bunny Hot "Hare" Balloon) and the 2009 Macy's Thanksgiving Day Parade® (where he escaped the parade route to "keep going and going"), kicking off the ENERGIZER Night Race for a Brighter World event in 2011 where Energizer headlights were used by racers, walking down the runway at New York Fashion Week in 2016, and appearing in social media pages dedicated to the Energizer Bunny Mark, such as on Facebook (more than 450,000 likes) and Twitter (more than 21,000 followers).

32.     In the past few years alone, Energizer has sold more than 4 billion units of ENERGIZER batteries, the vast majority of which have been sold in packaging, or in connection with displays, advertising, or other materials, depicting or referring to the Energizer Bunny Mark. Energizer battery chargers and flashlights and headlights also have been sold in packaging, or in connection with displays, advertising, or other materials, depicting or referring to the Energizer Bunny Mark.

33.     As a result of Energizer's long and continuous use of the Energizer Bunny Mark in connection with its products, and as a consequence of Energizer's extensive advertising, promotion, distribution, and sale of products under its Energizer Bunny Mark, the relevant and consuming public has come to recognize the Energizer Bunny Mark as originating from and used by Energizer, and to associate and identify the goods and services, such as batteries, battery chargers, and flashlights and headlights, offered and sold under the Energizer Bunny Mark exclusively with

Energizer. Energizer consequently derives an invaluable goodwill from this recognition, association, and identification by the consuming public and the trade.

34.     Because of the high degree of inherent and acquired distinctiveness of the Energizer Bunny Mark, the length of time and extent to which Energizer has used the Energizer Bunny Mark, the vast advertising and publicity of which the Energizer Bunny Mark has been the subject, the substantial trading area in which the Energizer Bunny Mark has been and is used, and the high degree of consumer recognition of the Energizer Bunny Mark, the Energizer Bunny Mark was a well-known and famous trademark widely recognized by the general consuming public of the United States as a designation of source of Energizer's goods and deserving of a broad scope of legal protection prior to Defendants' unlawful use of a confusingly similar imitation of the Energizer Bunny Mark on batteries, battery chargers, and lighting products offered for sale and sold in the United States.

**B.     Defendants' Unlawful Conduct**

35.     Notwithstanding Energizer's exclusive and superior rights in, to, and under the Energizer Bunny Mark in the United States, Defendants are manufacturing selling, and/or offering for sale, and advertising, marketing, and promoting (including through their websites and social media accounts), battery, battery chargers, and lighting products bearing the confusingly similar Lumintop Bunny in the United States.

36.     On information and belief, all Defendants are either manufacturing or participating in the production, distribution, advertising, or sale or offering for sale of battery and lighting products bearing the Lumintop Bunny.

37.     Defendants own and operate the websites www.lumintoponline.com and www.lumintop.com, through which they sell and offer for sale products bearing the infringing Lumintop Bunny to consumers in the United States. Copies of screenshots from  www.lumintoponline.com and www.lumintop.com are attached as **Exhibit 6**.

1   38.      Defendants also sell and offer for sale products bearing the infringing

2   Lumintop Bunny to consumers in the United States through third-party retailers like

3   Amazon. Copies of screenshots from Amazon.com are attached as **Exhibit 7**.

4   39.      Defendants advertise their products bearing the Lumintop Bunny

5   through Facebook and Twitter. Defendants use the Lumintop Bunny throughout

6   their Facebook and Twitter pages to identify the source of the goods they sell.

7   Copies of screenshots from Defendants' Facebook and Twitter pages are attached as

8   **Exhibits 8 and 9**, respectively.

9   40.      On information and belief, Defendants chose the infringing Lumintop

10  Bunny with the intent to trade on, and unlawfully benefit from, the goodwill and

11  popularity of the Energizer Bunny Mark and the Energizer brand.

12  41.      The Lumintop Bunny is likely to cause confusion with the Energizer

13  Bunny Mark, especially because they are used on the same products (batteries,

14  battery chargers, and flashlights and headlights) and sold to the same types of

15  consumers through overlapping channels of trade.

16  42.      The Lumintop Bunny, and products sold using that mark, are further

17  likely to cause confusion with the Energizer Bunny Mark, and products sold

18  thereunder, because Defendants advertise their products as bearing the same

19  qualities and characteristics as Energizer's products. For example, Defendants

20  advertise their "Li-ion" batteries bearing the Lumintop Bunny as longer lasting than

21  other Li-ion batteries and able to perform in cold temperatures. *See* **Exhibit 10**.

22  Energizer similarly markets its batteries sold under the Energizer Bunny Mark, and

23  specifically advertises its lithium batteries as being the longest lasting available and

24  able to perform in cold temperatures. *See* **Exhibit 11**.

25  43.      Indeed, the Energizer Bunny Mark has come in particular to symbolize

26  the long-lasting nature of Energizer's batteries, and Defendants' use of a mark

27  featuring a bunny for batteries and flashlights meant to last a long time through

28  various conditions is a direct attempt to trade on the reputation, goodwill, and

positive associations of the Energizer Bunny Mark with long-lasting, high quality products. *See* **Exhibit 12** (discussing the Energizer tagline "keeps going and going" as represented by the Energizer Bunny).

44.     Defendants' actions described above remove from Energizer the ability to control the nature and quality of goods provided in connection with the Energizer Bunny Mark and place the valuable goodwill and reputation of Energizer and its Energizer Bunny Mark in the hands of Defendants, over which Energizer has no control. Moreover, Defendants' actions create confusion that harms the public.

**First Cause of Action**
**(Federal Trademark Infringement in Violation of Lanham Act 15 U.S.C. §**
**1114(1))**
**(against Lumintop, SLOC and Yongqing)**

45.     Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

46.      Defendants' unauthorized use in commerce of the Lumintop Bunny in the United States is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' products. The trade and consuming public believe and are likely to believe Defendants' products originate from Energizer or from the same source of origin as products bearing the Energizer Bunny Mark, and/or that there is some affiliation, connection, or association between the makers of Energizer products, on the one hand, and Defendants' products, on the other, when such is not the case.

47.     Defendants infringed, and are infringing, the federally registered and incontestable Energizer Bunny Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     On information and belief, Lumintop, at the express direction and under the supervision and control of its parent company SLOC and officer or director Yongqing, advertised, offered for sale, and sold batteries, battery chargers, and

flashlights and headlights bearing the Lumintop Bunny. Yongqing thus directly participated in and facilitated Lumintop's infringement of the Energizer Bunny Mark by authorizing, directing, and supervising Lumintop's infringing actions.

49.     Defendants had knowledge of Energizer's superior rights in the Energizer Bunny Mark when they manufactured, produced, advertised, offered for sale, and sold goods bearing the confusingly similar Lumintop Bunny. Defendants willfully did so to trade on the goodwill and brand loyalty associated with the Energizer Bunny Mark, and in particular, the association of the Energizer Bunny Mark with high-quality, long lasting products.

50.     As a direct and proximate result of Defendants' unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

51.     Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

**Second Cause of Action**
**(Contributory Federal Trademark Infringement under 15 U.S.C. § 1114(1))**
**(against SLOC)**

52.     Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

53.     SLOC contributorily infringed, and is infringing, the federally registered Energizer Bunny Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.     On information and belief, SLOC manufactured batteries, battery chargers, and flashlights and headlights bearing the confusingly similar Lumintop Bunny with knowledge of Energizer's superior rights and that such goods would be

advertised, offered for sale, and sold in the United States. SLOC thus materially contributed to the willful offer for sale and sale of goods bearing the Lumintop Bunny.

55.     As a direct and proximate result of SLOC's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

56.     SLOC's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

### Third Cause of Action
**(Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a))**
**(against Yongqing, SLOC, and Lumintop)**

57.     Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

58.      Defendants unauthorized use in commerce of the Lumintop Bunny in the United States is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' products. The trade and consuming public believe and are likely to believe Defendants' products originate from Energizer or from the same source of origin as products bearing the Energizer Bunny Mark, and/or that there is some affiliation, connection, or association between the makers of Energizer products, on the one hand, and Defendants' products, on the other, when such is not the case.

59.     On information and belief, Lumintop, at the express direction and under the supervision and control of its parent company SLOC and officer or director

Yongqing, advertised, offered for sale and sold batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny. Yongqing thus directly participated in and facilitated Lumintop's infringement of the Energizer Bunny Mark by authorizing, directing, and supervising Lumintop's infringing actions.

60.     Defendants had knowledge of Energizer's superior rights in the Energizer Bunny Mark when they manufactured, produced, advertised, offered for sale, and sold goods bearing the Lumintop Bunny. Defendants willfully did so to trade on the goodwill and brand loyalty associated with the Energizer Bunny Mark, and in particular, the association of the Energizer Bunny Mark with high-quality, long lasting products.

61.     Defendants unauthorized use in commerce of the Lumintop Bunny in the United States is causing and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products. Such conduct therefore constitutes unfair competition, false representation, and a false designation of origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     As a direct and proximate result of Defendants' unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

63.     Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

1
2
3

**Fourth Cause of Action**
**(Contributory Federal Unfair Competition, False Representation, and False**
**Designation of Origin under 15 U.S.C. § 1125(a))**
**(against SLOC)**

4
5

64.     Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

6
7
8
9
10

65.     On information and belief, SLOC manufactured batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny with knowledge of Energizer's superior rights and that such goods would be advertised, offered for sale, and sold in the United States by Yongqing and Lumintop using the Lumintop Bunny.

11
12
13
14
15
16
17

66.     By manufacturing goods bearing the Lumintop Bunny, SLOC materially assisted or contributed to Defendants' offer for sale and sale of goods bearing the Lumintop Bunny in the United States, which is causing and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products. Such conduct therefore constitutes unfair competition, false representation, and a false designation of origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18
19
20
21

67.     As a direct and proximate result of SLOC's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

22
23
24
25
26

68.     SLOC's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

27
28

1
2

### Fifth Cause of Action
#### (Federal Trademark Dilution Under 15 U.S.C. § 1125(c))
#### (against Yongqing, SLOC, and Lumintop)

3

69.       Energizer repeats, realleges, and incorporates the preceding paragraphs

4

as though fully set forth herein.

5

70.       The Energizer Bunny Mark is famous under 15 U.S.C. § 1125(c)(2)(A),

6

in that it is widely recognized by the general consuming public of the United States as

7

a designation of the source of Energizer's goods and services. The Energizer Bunny

8

Mark became famous before Defendants began making unlawful use in the United

9

States of the Lumintop Bunny.

10

71.       Defendants' unauthorized use of the Lumintop Bunny in the United

11

States is diluting and is likely to dilute by blurring the famous Energizer Bunny

12

Mark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by

13

lessening its capacity to identify and distinguish Energizer exclusively as the source

14

of products bearing or provided under the famous Energizer Bunny Mark.

15

72.       On information and belief, Defendants SLOC and Lumintop, at the

16

express direction and under the supervision of Yongqing, willfully used the Lumintop

17

Bunny to trade on the goodwill and brand loyalty associated with the Energizer

18

Bunny Mark, and in particular, the association of the Energizer Bunny Mark with

19

high-quality, long lasting products.

20

73.       Defendants' trademark dilution has injured and will continue to injure

21

Energizer in that Energizer has suffered and will continue to suffer damage to its

22

reputation and customer goodwill as a direct and proximate result of Defendants'

23

unlawful conduct, unless such unlawful conduct is enjoined by this Court. In

24

addition, Defendants have been unjustly enriched by reason of its acts of trademark

25

dilution because it has obtained the opportunity to earn future sales and profits, as a

26

direct and proximate result of its unlawful conduct.

27

74.       Energizer is entitled to recover all damages sustained by Defendants'

28

actions, all profits realized by Defendants through its unlawful use of the Lumintop

COMPLAINT                                                                        - 22 -

Bunny, treble damages and/or profits, and an award of reasonable attorneys' fees and costs against Defendants.

### Sixth Cause of Action
### (Contributory Federal Trademark Dilution Under 15 U.S.C. § 1125(c))
### (against SLOC)

75.     Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

76.     The Energizer Bunny Mark is famous under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Energizer's goods and services. The Energizer Bunny Mark became famous before SLOC began contributing to Yongqing and Lumintop's unlawful use in the United States of the Lumintop Bunny.

77.     On information and belief, SLOC manufactured batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny with knowledge of Energizer's superior rights and that such goods would be advertised, offered for sale, and sold in the United States by Yongqing and Lumintop.

78.     SLOC's manufacture of batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny it knew would be offered for sale or sold in the United States materially contributed to the dilution and likely dilution the famous Energizer Bunny Mark by blurring, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening its capacity to identify and distinguish Energizer exclusively as the source of products bearing or provided under the famous Energizer Bunny Mark.

79.     Yongqing and Lumintop's trademark dilution, as materially assisted by SLOC's manufacture of batteries, battery chargers, flashlights, and headlights bearing the Lumintop Bunny, has injured and will continue to injure Energizer in that Energizer has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendants' unlawful conduct, unless such unlawful conduct is enjoined by this Court. In addition, Defendants have

been unjustly enriched by reason of its acts of trademark dilution because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

80.     Energizer is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through its unlawful use of the Lumintop Bunny, treble damages and/or profits, and an award of reasonable attorneys' fees and costs against Defendants.

**Seventh Cause of Action**
**(California Statutory Unfair Competition under**
**California Business and Professions Code § 17200, *et seq.*)**
**(against Yongqing, SLOC, and Lumintop)**

81.     Energizer repeats, realleges and incorporates the preceding paragraphs as though fully set forth herein.

82.     Defendants unauthorized use in commerce of the Lumintop Bunny is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' products. The trade and consuming public believe and are likely to believe Defendants' products originate from Energizer or from the same source of origin as products bearing the Energizer Bunny Mark, and/or that there is some affiliation, connection, or association between the makers of Energizer products, on the one hand, and Defendants' products, on the other, when such is not the case.

83.     Defendants conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of CAL. BUS. & PROF. CODE § 17200, *et seq.*

84.     On information and belief, Lumintop, at the express direction and under the supervision and control of its parent company SLOC and officer or director Yongqing, offered for sale and sold batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny. Yongqing thus directly participated in and facilitated Lumintop's unfair business practices.

85.     Defendants had knowledge of Energizer's superior rights in the Energizer Bunny Mark when they manufactured, produced, advertised, offered for sale, and sold goods bearing the Lumintop Bunny. Defendants willfully did so to trade on the goodwill and brand loyalty associated with the Energizer Bunny Mark, and in particular, the association of the Energizer Bunny Mark with high-quality, long lasting products.

86.     As a direct and proximate result of Defendants' unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill. In addition, Defendants have been unjustly enriched by reason of its acts of unfair competition because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

**Eighth Cause of Action**
**(Contributory California Statutory Unfair Competition under California Business and Professions Code § 17200, *et seq.*)**
**(against SLOC)**

87.     Energizer repeats, realleges and incorporates the preceding paragraphs as though fully set forth herein.

88.     On information and belief, SLOC manufactured batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny with knowledge of Energizer's superior rights and that such goods would be advertised, offered for sale, and sold in the United States by Yongqing and Lumintop using the Lumintop Bunny.

89.     By manufacturing goods bearing the Lumintop Bunny, SLOC materially assisted or contributed to Defendants' sale of goods bearing the Lumintop Bunny in the United States, which is causing and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products. Such conduct therefore constitutes unfair

competition, false representation, and a false designation of origin, all in violation of CAL. BUS. & PROF. CODE § 17200, *et seq.*

90.      SLOC had knowledge of Energizer's superior rights in the Energizer Bunny Mark when it manufactured goods bearing the Lumintop Bunny for sale in the United States

91.      As a direct and proximate result of SLOC's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court. In addition, Defendants have been unjustly enriched by reason of its acts of trademark dilution because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

**Ninth Cause of Action**
**(California Statutory Trademark Dilution under**
**California Business and Professions Code § 14247 *et seq.*)**
**(against Yongqing, SLOC, and Lumintop)**

92.      Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

93.      The Energizer Bunny Mark is famous in that it is widely recognized by the general consuming public of California as a designation of the source of Energizer's goods and services. The Energizer Bunny Mark became famous before Defendants' unlawful use of the Lumintop Bunny in the United States.

94.      Defendants' willful and knowing use of the Lumintop Bunny is diluting and is likely to dilute the distinctive quality of the Energizer Bunny Mark, in violation of CAL. BUS. & PROF. CODE § 14247 *et seq.*, by lessening its capacity to identify and distinguish Energizer exclusively as the source of products bearing or provided under the famous Energizer Bunny Mark.

95.      Defendants' trademark dilution has injured and will continue to injure Energizer in that Energizer has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendants' unlawful conduct, unless such unlawful conduct is enjoined by this Court. In

addition, Defendants have been unjustly enriched by reason of its acts of trademark dilution because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

96.      Energizer is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through its unlawful use of the Lumintop Bunny, treble damages and/or profits, and an award of reasonable attorneys' fees and costs against Defendants.

**Tenth Cause of Action**
**(Contributory California Statutory Trademark Dilution under**
**California Business and Professions Code § 14247 *et seq.*)**
**(against SLOC)**

97.      Energizer repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

98.      The Energizer Bunny Mark is famous in that it is widely recognized by the general consuming public of California as a designation of the source of Energizer's goods and services. The Energizer Bunny Mark became famous before Defendants' unlawful use of the Lumintop Bunny in the United States.

99.      By manufacturing goods bearing the Lumintop Bunny, SLOC materially assisted or contributed to Defendants' willful sale of goods bearing the Lumintop Bunny in the United States, which is causing and is likely to continue to dilute the distinctive quality of the Energizer Bunny Mark, in violation of CAL. BUS. & PROF. CODE § 14247 *et seq.*, by lessening its capacity to identify and distinguish Energizer exclusively as the source of products bearing or provided under the famous Energizer Bunny Mark.

100.      SLOC had knowledge of Energizer's superior rights in the Energizer Bunny Mark when it manufactured goods bearing the Lumintop Bunny for sale in the United States

101.      SLOC's actions injured and will continue to injure Energizer in that Energizer has suffered and will continue to suffer damage to its reputation and

customer goodwill as a direct and proximate result of Defendants' unlawful conduct, unless such unlawful conduct is enjoined by this Court. In addition, Defendants have been unjustly enriched by reason of its acts of trademark dilution because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

102.    Energizer is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through its unlawful use of the Lumintop Bunny, treble damages and/or profits, and an award of reasonable attorneys' fees and costs against Defendants.

**Eleventh Cause of Action**
**(Trademark Infringement and Unfair Competition in Violation of California Common Law)**
**(against Yongqing, SLOC, and Lumintop)**

103.    Energizer repeats, realleges, and incorporates Paragraphs 1-61 as though fully set forth herein.

104.     Defendants unauthorized use in commerce of the Lumintop Bunny is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' products. The trade and consuming public believe and are likely to believe Defendants' products originate from Energizer or from the same source of origin as products bearing the Energizer Bunny Mark, and/or that there is some affiliation, connection, or association between the makers of Energizer products, on the one hand, and Defendants' products, on the other, when such is not the case.

105.    On information and belief, Lumintop, at the express direction and under the supervision and control of its parent company SLOC and officer or director Yongqing, offered for sale and sold batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny. Yongqing thus directly participated in and facilitated Lumintop's infringement of the Energizer Bunny Mark by authorizing, directing, and supervising Lumintop's infringing actions.

106.     Defendants had knowledge of Energizer's superior rights in the Energizer Bunny Mark when they manufactured, produced, advertised, offered for sale, and sold goods bearing the Lumintop Bunny. Defendants willfully did so to trade on the goodwill and brand loyalty associated with the Energizer Bunny Mark, and in particular, the association of the Energizer Bunny Mark with high-quality, long lasting products.

107.     Defendants unauthorized use in commerce of the Lumintop Bunny in the California is causing and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products in violation of the common law of California.

108.     As a direct and proximate result of Defendants' unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

**Twelfth Cause of Action**
**(Contributory California Common Law Trademark Infringement and Unfair Competition)**
**(against SLOC)**

109.     Energizer repeats, realleges, and incorporates Paragraphs 1-61 as though fully set forth herein.

110.     On information and belief, SLOC manufactured batteries, battery chargers, and flashlights and headlights bearing the Lumintop Bunny with knowledge of Energizer's superior rights and that such goods would be advertised, offered for sale, and sold by Yongqing and Lumintop using the Lumintop Bunny.

111.     By manufacturing goods bearing the Lumintop Bunny, SLOC materially assisted or contributed to Defendants' sale of goods bearing the Lumintop Bunny in the United States, which is causing and is likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products in violation of the common law of California.

112.     As a direct and proximate result of SLOC's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Energizer prays that:

1.     Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently from:

a.     any and all further unauthorized use in the United States of the Lumintop Bunny, and any other colorable imitation of the Energizer Bunny Trademark, as a trademark, trade name, or other attention-getting device or triggering mechanism, including the recall and destruction of all packaging, advertising, and promotional materials bearing the Lumintop Bunny or any other colorable imitation of the Energizer Bunny Trademark;

b.     using any trademark, trade dress, service mark, name, logo, design or source of designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Energizer, are sponsored or authorized by Energizer, or are in any way connected or related to Energizer;

2.     Defendants be compelled to account to Energizer for any and all profits derived by Defendants from the sale or distribution of infringing goods or services as described in this Complaint, including prejudgment interest thereon;

3.     Energizer be awarded all damages caused by the acts forming the basis of this Complaint, together with prejudgment interest thereon;

4.     Based on Defendants' knowing and intentional use of confusing similar

1   imitations of the Energizer Bunny Mark, the damages award be trebled and the

2   award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

3        5.    Defendants be required to pay Energizer the costs of this action and

4   Energizer's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the state

5   statutes cited in this Complaint;

6        6.    Based on Energizer's willful and deliberate infringement of the

7   Energizer Bunny Mark, and to deter such conduct in the future, Energizer be

8   awarded punitive damages; and

9        7.    Energizer have such other and further relief as the Court may deem

10  just.

11  **JURY TRIAL DEMAND**

12       Energizer respectfully demands a trial by jury on all claims and issues so

13  triable.

14

15  DATED:  May 20, 2019        KILPATRICK TOWNSEND & STOCKTON
    LLP

16

17

    By: /s/ Dennis L. Wilson
18      Dennis L. Wilson
        Caroline Y. Barbee
19      Attorneys for Plaintiff Energizer Brands
        LLC
20

21      William H. Brewster (Pro Hac Vice
        Pending)
22      Jennifer Fairbairn Deal (Pro Hac Vice
        Pending)

23

24

25

26

27

28